HEARD NOVEMBER TERM, 1879.

CASE No. 788.

B. E. FEEMSTER v. M. L. GOOD ET AL.

1. An executor deliberately departing from the instructions of the will, no matter what his motives, cannot impose resulting loss upon innocent devisees.
2. So where the will directed all debts to be paid and the balance to be given to the widow " to dispose of as she may think best for her and our children," and the executor, in kindness and for the interests of the estate, as he thought, together with the widow, assumed a debt due by testator, and the widow, for herself and children, who were then minors, received the remainder of the estate, both real and personal, the latter being sufficient to pay all debts, the executor, after the personal property was lost, having been required to pay the debt assumed by him, cannot look to such real estate for reimbursement.
3. But the widow having concurred in his act and enjoyed the use of the property, her interest in the land will be liable to his repayment.
4. Under the terms of this devise the widow and children took *per capita.*

Before PRESSLEY, J., York, March, 1879.

This was an action by Bond E. Feemster against Margaret L. Good, the widow of John H. Good, and their children.

John H. Good died leaving a will, which directed his funeral expenses and all of his just debts to be paid. Then followed paragraph two, which reads : " I give and bequeath to my wife, Margaret L. Good, all the balance of my estate, both real and personal, to dispose of as she may think best for her and our children, by the consent of my executor." B. E. Feemster was appointed and qualified as executor. Feemster paid all the debts of the estate, except one to W. J. Good, whose note was surrendered in exchange for another of like amount, signed by Feemster and M. L. Good. The executor then turned over to the widow, for herself and five minor children, all the remainder of the estate, consisting of a tract of land, negroes and other personal property necessary for farming operations. The personalty thus turned over, exclusive of land and negroes, was more than sufficient to pay the W. J. Good note. W. J. Good was a brother

of J. H. Good, and Feemster was a brother of M. L. Good. The arrangement was made and the extended credit given, because it was believed that it was for the best interests of the widow and children that the property should be held together and this debt paid off out of future crops; all the personalty turned over being needed to run the farm.

The personal property was exhausted and the slaves were emancipated, leaving W. J. Good unpaid. He brought his action against Feemster and obtained judgment for the amount of his debt, which Feemster paid. Plaintiff then brought this action to have the land of his testator sold and the proceeds applied to repaying the amount paid by him to W. J. Good.

C. E. Spencer, Esq., special referee, took the testimony and reported his conclusions of fact and of law. Upon exceptions thereto the case was heard on Circuit. In delivering his decree, the presiding judge said: "I concur in the report of the referee, as to the fact that this arrangement was in good faith, and then seemed best for the objects of testator's bounty, but afterwards the slaves were set free and nothing was left, except the land of testator for the payment of the said debt. The holder thereof sued plaintiff and compelled him to pay it. He now seeks repayment out of testator's land yet in possession of his legatees.

"I cannot doubt that the departure by the plaintiff from the directions of the will was made in kindness, and that it would have been best for the estate, if the war had never been. But if executors use their own judgment, even in best faith, against the express directions of the will, minor legatees will, in case of mishap, have the right to make such executors bear the loss which ensues. In this case all the defendants are minors except M. L. Good. She united with the plaintiff in the substituted note, and assented that the directions of the will be departed from, and the plaintiff is entitled to enforce his claim against one-sixth of the land, which is her share in it."

The decree concluded with an order for sale of M. L. Good's interest, gave directions as to costs, &c.

From this decree the plaintiff appealed, upon the grounds—

1. For error of law in not adjudging that the trust estate of plaintiff's testator, consisting of real estate in the hands of the

defendant, M. L. Good, is liable for reimbursing plaintiff for his outlay in behalf of the estate.

2. For error of law in not adjudging that M. L. Good had one-third interest in the real estate.

*Mr. G. W. S. Hart,* for appellant.

The land is liable for the payment of this debt.   6 *S. C.* 66 ; 2 *Hill Ch.* 257 ; 2 *McC. Ch.* 112.   The substitution was for the benefit of the trust estate, and it is therefore liable.   1 *Hill Ch.* 232 ; 1 *Strob. Eq.* 56 ; 2 *McC. Ch.* 82.

The testator not having defined the interests of his devisees, the statute of distribution must govern these interests. A devise to heirs, as such, is void ; for one shall rather take as heir than devisee.   2 *Wash. on Real Prop.* 400.   And heirs in this state means *hæredes facti*—under the statute of distributions.   6 *Rich. Eq.* 35.   The devise under this will would have been void, but for the power conferred.   Either the widow is sole devisee, or else the will does only confer the power, without altering the fixed rule of division under the law.   See 9 *Rich. Eq.* 471.

*Mr. W. B. Wilson,* for respondents.

January 7th, 1880.   The opinion of the court was delivered by

McIVER, A. J.   In this case we concur with the Circuit judge in the conclusions which he has reached.   If an executor deliberately undertakes to depart from the instructions contained in the will which he has undertaken to execute, no matter what may be the motives which prompted him, he cannot impose the loss which may ensue from such departure from his testator's instructions upon innocent devisees or legatees.   It is very clear from the report of the referee that the executor had in his hands at one time ample means for the payment of all the debts, and if he chose voluntarily to place those means beyond his reach, where they most probably would be (and have been) appropriated to other uses, he has no equity to call upon the devisees and legatees to replace those means and repair the loss which has been occasioned by his own misconduct, whether willful or not, in which they have in no wise participated.   The defendant, M.

L. Good, having, however, not only acquiesced in such departure from the instructions contained in the will, but actually enjoyed the use of the property thus illegally diverted by the executor from its proper channel, is not in a position to resist the claim of the plaintiff.

The question as to what was the share of Mrs. M. L. Good in the estate was probably not raised or but little attention bestowed upon it in the court below, as it does not appear to be discussed in the decree of the Circuit judge. We, however, see no error in the Circuit decision in this respect. The case does not belong to that class of cases in which the gift is to a class of persons, such as heirs, relations or next of kin, and it is necessary, in order to ascertain who are the individuals embraced in such class, to resort to the statute of distributions. Here the gift is to wife and children, and in such a case no resort to the statute is necessary. It is the same thing, so far as this question is concerned, as if the testator had made the gift directly to his wife and children *by name*, in which case it is clear that they would all take in equal shares, and not in the proportions prescribed by the statute.

The judgment of the Circuit Court is affirmed.

Appeal dismissed.

WILLARD, C. J., concurred.